UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────────────────

Sunteck Transport Company, LLC                File No. 18-cv-3017 (ECT/LIB)

      Plaintiff,

v.                                            **ORDER**

King's Express, Inc.,

      Defendant.

───────────────────────────────────────────────────────────

This matter is before the Court on the motion for default judgment filed by Plaintiff Sunteck Transport Company, LLC ("Sunteck"). ECF No. 9. The Court held a hearing on the motion on March 18, 2019. The summons and complaint were served on Defendant King's Express, Inc. ("King's") on November 2, 2018 via the Secretary of State. ECF No. 5. King's has made no appearance in this case. The clerk has entered King's default. ECF No. 8. Sunteck has served that entry of default, its motion for default judgment, and all papers filed in support of its motion on King's. ECF No. 15. Sunteck has shown that it is entitled to judgment as to carrier liability under Count 1 of its Complaint arising under the Carmack Amendment, 49 U.S.C. § 14706, *see* Compl. ¶¶ 5-15; Compl. Ex. A at 3 [ECF No. 1-1 at 3], and for purposes of its default-judgment motion has assumed that its breach-of-contract claim is preempted by its claim under the Carmack Amendment, *see* Sunteck Br. at 5 n.1 [ECF No. 12]. Default judgment is therefore appropriate under Fed. R. Civ. P. 55(b).

Even after a defendant's liability is established, a plaintiff seeking a default judgment "must still prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th Cir. 2001). The evidence shows that Sunteck is entitled to $27,936.00 in damages, *see, e.g.*, Compl. Ex. A at 3; Umstead Decl. ¶¶ 12, 21, 22 and Ex. A [ECF No. 13 and 13-1, respectively]; 49 U.S.C. § 14706. The evidence further shows that Sunteck is entitled to recover $3,646.50 in attorney's fees and $635.20 in costs, *see* Compl. Ex. A at 3; Umstead Decl. ¶ 25; Umstead Decl. Ex. D [ECF No 13-4].

Sunteck also requests the Court award it pre- and post-judgment interest. Specifically, it requests post-judgment interest at a rate of 10% per annum, Compl. Prayer ¶ 3, and pre-judgment interest at a rate of 8% per annum, as calculated from the date of Sunteck's initial demand in this matter, which was made on May 7, 2018, *see* Sunteck Br. at 7 [ECF No. 12]; Compl. Prayer ¶ 2. Pursuant to 28 U.S.C. § 1961(a), which governs post-judgment interest rates in civil matters generally, Sunteck will be awarded post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding"—currently 2.53%—and to be computed as provided in 28 U.S.C. § 1961(b).

As for the request for pre-judgment interest, the Court possesses broad discretion to determine such an award, and its determination is be guided by the purpose such awards serve: to compensate the judgment holder for the use of its money between the date of injury and the date of judgment. *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir.

1996); *Boeing Co. v. United States*, 86 Fed. Cl. 303, 322 (Fed. Cl. 2009). "[C]ourts often use the statutory interest rate of the state in which they sit," *Glob. Traffic Techs., LLC v. Emtrac Sys., Inc.*, No. Civ. 10-4110 ADM/JJG, 2014 WL 1663420, at *16 (D. Minn. Apr. 25, 2014), *aff'd in part, rev'd in part and remanded sub nom. Glob. Traffic Techs. LLC v. Morgan*, 620 Fed. App'x 895 (Fed. Cir. 2015). Minnesota law provides that, "[f[or a judgment or award of $50,000 or less . . ., the interest shall be computed as simple interest per annum" at a rate calculated once annually by the state court administrator using statutorily described benchmarks. Minn. Stat. § 549.09(c)(1)(i). For 2018 and 2019, Minnesota's statutory rate on an award of $50,000 or less is 4%. *See* 2019 Interest Rates On State Court Judgments And Arbitration Awards, *available at* http://www.mncourts.gov/mncourtsgov/media/scao_library/Interest-Rates-on-State-Court-Judgements.pdf (last accessed March 18, 2019). The Court sees no reason to discount that statutory rate; Sunteck promptly pursued litigation of this dispute, *see Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983) ("undue delay in prosecuting the lawsuit" may justify a lower rate of pre-judgment interest), and its Complaint and default-judgment brief provided notice to King's that it was seeking pre-judgment interest at a higher rate than that ultimately awarded here, Sunteck Br. at 7 [ECF No. 12]; Compl. Prayer ¶ 2. Accordingly, the Court will award Sunteck pre-judgment interest at a rate of 4%.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Sunteck Transport Company, LLC's motion for

default judgment [ECF No. 9] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The motion is **DENIED** insofar as it seeks pre-judgment interest at a rate of 8% per annum and post-judgment interest at a rate of 10%; the Court instead will **GRANT** an award of pre-judgment interest, calculated at a rate of 4% per annum from May 7, 2018, and also will **GRANT** an award of post-judgment interest at a rate of 2.53% per annum, accruing from the date judgment is entered in this case until the judgment is satisfied, to be computed as described in 28 U.S.C. § 1961(b);

2. Plaintiff is **ORDERED** to file a calculation of pre-judgment interest made in accordance with this order within seven days of the date on which judgment is entered in this matter;

3. The motion is **GRANTED** in all other respects;

4. Defendant King's Express Inc. is liable to Plaintiff in the amount of $32,217.70, which amount includes $27,936.00 in damages, $3,646.50 in attorney's fees, and $635.20 in costs, plus an amount of pre-judgment interest to be determined following Plaintiff's post-judgment submissions and post-judgment interest as described herein.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 18, 2019　　　　　　　　s/ Eric C. Tostrud　　　　　　　　　
　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　United States District Court